IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JASWINDER KAUR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:21-cv-01455-M |
| | § | |
| AVNEET GILL, et al., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Motion for New Trial, filed by Plaintiff Jaswinder Kaur. ECF No. 197. For the following reasons, the Motion is **DENIED**.

**I. Background**

On June 18, 2021, Plaintiff initiated this action by filing her Complaint against Defendants Avneet Gill and Birinder Pannu, a married couple, alleging that Defendants forced her to work around the clock as a live-in housekeeper and babysitter. ECF No. 1. On July 11, 2022, this case went to trial before a jury on Plaintiff's claims of failure to pay minimum wage under the Fair Labor Standards Act ("FLSA"), breach of contract, quantum meruit, promissory estoppel, and intentional infliction of emotional distress.

At trial, Plaintiff testified that she entered into an oral agreement with Defendant Gill to work in Defendants' house for 30 hours a week, in exchange for $1,100 per month. In addition, Defendant Gill agreed to provide Plaintiff with room and board, and other expenses. Plaintiff further testified that she worked for the Defendants from May 13, 2018, through June 18, 2020,

and that during that period, she consistently began work every day at 7:00 a.m. and ended at 11:00 p.m.—*i.e.*, 16 hours a day, seven days a week. Plaintiff was consistent in that testimony.

Defendants testified that Plaintiff worked about six hours per day, totaling about 30 hours per week, and that while Plaintiff worked for Defendants, she was paid $1,100 per month. Defendant Gill further testified that Plaintiff's working hours were generally from 9:00 a.m. until 3:00 p.m. on weekdays while Defendant Gill was at work, and her duties were to provide breakfast and lunch for Defendants' children and do the children's laundry.

Following Plaintiff's case in chief, the Court granted a partial directed verdict to Defendants as to Plaintiff's claims for intentional infliction of emotional distress and promissory estoppel as to both Defendants, and Plaintiff's claim for breach of contract as to Defendant Pannu. In responding to Defendants' motion for directed verdict on Plaintiff's quantum meruit claim, Plaintiff represented that she was seeking recovery for the hours worked by Plaintiff over 30 hours per week. The Court noted that the only evidence before the jury that Plaintiff exceeded 30 hours of work per week was her testimony that she consistently worked 16 hours a day, seven days a week, and accordingly, the Court would permit the jury to answer a question as to quantum meruit only if the jury found that Plaintiff did, in fact, work 16 hours a day, seven days a week.

After Defendants rested their case in chief, the Court conducted a charge conference. The case was subsequently submitted to the jury. The jury returned a verdict on July 12, 2022. ECF No. 92. Question 1 of the verdict form asked the jury the following question:

> Did Plaintiff Jaswinder Kaur prove by a preponderance of the evidence that, while Plaintiff worked for the Gill-Pannu family, she worked an average of 16 hours a day, seven days a week?

ECF No. 92 at 1.

The jury answered Question 1 in the negative. The verdict form instructed the jury that, if the jury answered Question 1 "No," to proceed to Question 5, which asked the jury whether Defendant Gill breached the terms of an oral agreement with Plaintiff. *Id.* at 3. The jury answered Question 5 in the negative. *Id.* The jury form then instructed the jury to proceed to Question 7, directed to Plaintiff's quantum meruit claim.[1] Question 7 instructed the jury to answer Question 7 only if the jury had answered "Yes" to Question 1. *Id.* at 4. The jury did not answer Question 7.

Based on the jury's verdict and the Court's partial grant of a directed verdict, the Court entered final judgment in favor of Defendants on July 18, 2022. ECF No. 94. On August 15, 2022, Plaintiff moved for a new trial. ECF No. 197.

## II. Legal Standard

A court may grant a new trial after a jury trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a). The Court has discretion to grant a new trial "when it is necessary to do so 'to prevent an injustice.'" *Gov't Fin. Servs. One Ltd. P'ship v. Peyton Place, Inc.*, 62 F.3d 767, 774 (5th Cir. 1995) (quoting *United States v. Flores*, 981 F.2d 231, 237 (5th Cir. 1993)). Exemplary grounds for a new trial are: (1) the verdict is against the weight of the evidence, (2) the damages awarded are excessive, (3) the trial was unfair, or (4) prejudicial error was committed in its course. *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985). The court must affirm a jury's verdict unless, in viewing the evidence in the light most favorable to the verdict, the evidence points so strongly and overwhelmingly in favor of the party moving for a new trial that reasonable jurors could not have arrived at a contrary conclusion. *Pryor v. Trane Co.*, 138 F.3d 1024, 1026 (5th Cir. 1998).

---

[1] Question 7 stated: "Did Plaintiff Jaswinder Kaur provide valuable services for Defendants, not covered by any other agreement between Plaintiff and Defendants, for which she was not compensated? ECF No. 92 at 4.

3

In the Fifth Circuit, two requirements must be met before a new trial will be granted based on an erroneous jury instruction. First, the movant must demonstrate that: "the charge as a whole creates substantial and ineradicable doubt whether the jury has been properly guided in its deliberations." *Hatsell v. Doctor Pepper Bottling Co.*, 207 F.3d 269, 272 (5th Cir. 2000). Second, "even if the instruction was erroneous, the instruction must have affected the outcome of the case." *Id.* Verdict forms are considered part of the jury instruction, and are considered in light of the entire jury instruction. *Wantou v. Wal-Mart Stores Tex., LLC*, 23 F.4th 422, 432 (5th Cir. 2022).

### III.   Analysis

Plaintiff moves for a new trial because of alleged errors in the verdict form. First, Plaintiff argues that the verdict form improperly conditioned the jury's finding on Plaintiff's quantum meruit claim on the jury's decision regarding Plaintiff's recovery on her FLSA claim. Second, Plaintiff contends that Plaintiff was prejudiced because the verdict form did not ask the jury to find how many hours Plaintiff worked.

Regarding Plaintiff's argument regarding her quantum meruit claim, Plaintiff did not raise this argument during the charge conference or at any time before the jury was instructed; accordingly, Plaintiff did not timely object to the instructions in the verdict form that directed the jury not to answer Question 7 if the answer to Question 1 was "no." Failing to object to a jury instruction "until after the verdict had been returned and the jury had been discharged" waives the right to object to any alleged error with the instruction. *Peveto v. Sears, Roebuck & Co.*, 807 F.2d 486, 489 (5th Cir. 1987); *see also* Fed. R. Civ. P. 51(d) (failing to object to instructions before they are read to the jury does not preserve error, unless the instructions affected "substantial rights").

4

Even if Plaintiff has not waived this challenge, the Court concludes that the verdict form's instructions do not warrant a new trial. Plaintiff's theory as to her quantum meruit claim was that she provided uncompensated-for valuable services for Defendants, in the form of hours she worked in excess of 30 hours per week. However, the only evidence before the jury as to any hours worked by Plaintiff exceeding 30 hours per week was Plaintiff's consistent and repeated testimony that she worked 16 hours a day, seven days a week—a total of 112 hours per week—for the entire time that she worked for Defendants. Put differently, there was no evidence from which the jury could reasonably infer that Plaintiff worked more than 30 hours per week without also finding that Plaintiff worked 16 hours a day, seven days a week[2]; accordingly, the verdict form permitted the jury to answer the quantum meruit question only if they made that predicate factual finding. Given Plaintiff's own theory regarding her quantum meruit claim and the limited testimony she presented at trial regarding the number of hours she allegedly worked, it was not prejudicial to instruct the jury this way.

Plaintiff appears to be challenging the fact that, on the verdict form, Question 1 is placed under a heading entitled "Fair Labor Standards Act." However, Plaintiff's FLSA and quantum meruit claims both relied on the same factual allegation that Plaintiff worked 16 hours a day, seven days a week, and as discussed, there was no evidence presented from which the jury could find that Plaintiff worked more than 30 hours, but less than 16 hours a day, seven days a week. As a result, instructing the jury to answer the quantum meruit claim only if the jury found that Plaintiff worked 16 hours a day, seven days a week, did not improperly preempt or prevent the

---

[2] Indeed, the Court noted during the charge conference that, had Plaintiff testified or presented evidence that she rested or took meal breaks, or answered the phone while working, there may have been some basis from which the jury could infer an adjustment to Plaintiff's repeated testimony that she worked 16 hours a day, seven days a week, for the approximately two years she worked for Defendants. But as Plaintiff instead repeatedly testified that that she worked from 7:00 a.m. until 11:00 p.m., seven days a week, every day for the approximately two years that she worked for Defendants, there was no evidentiary basis from which the jury could have made an alternate finding as to any other work schedule she had other than what she or the Defendants described.

jury from independently considering the merits of Plaintiff's quantum meruit claim.  Nor did it change the outcome of the case; had the jury been able to find, as Plaintiff urges, that Plaintiff was entitled to recovery under a theory of quantum meruit for hours worked over 30 hours a week, without also finding that Plaintiff worked 112 hours week, the verdict would not have been supported by the evidence, warranting judgment as a matter of law for Defendants.

For the same reasons, the fact that the verdict form asked whether Plaintiff had proven she worked for 16 hours a day, seven days a week—as opposed to asking the jury an open-ended question as to the average number of hours per week Plaintiff worked—does not warrant a new trial.  At the charge conference, Plaintiff objected to Question 1, arguing that the issue of the number of hours Plaintiff worked was disputed, and should be resolved by the jury.  However, the Court overruled the objection; in light of Plaintiff's unwavering testimony that she always worked 112 hours per week, the factual dispute regarding Plaintiff's hours was reduced to a binary determination, *i.e.*, whether the jury credited Plaintiff's testimony that she worked 16 hours a day, seven days a week, for two years.  In other words, there was no evidence from which the jury could reasonably infer that Plaintiff worked less than 112 hours per week but more than 30 hours per week.  As such, the verdict form and the wording of Question 1 adequately and fairly presented to the jury the contested factual issue regarding Plaintiff's hours worked.  Plaintiff points to nothing indicating that the jury instructions and verdict form as a whole created substantial and ineradicable doubt as to whether the jury has been properly guided in its deliberations, and thus has not shown any reason justifying a new trial in this matter.

## IV.  Conclusion

For the foregoing reasons, Plaintiff's Motion for New Trial is **DENIED.**

**SO ORDERED**.

January 31, 2023.

_____
BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE

7